IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAQUANN WAUGH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-2376 |
| | : | |
| OFFICER JOSEPH RYAN, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

Currently before the Court are a Motion to Proceed *In Forma Pauperis* (ECF No. 1) and *Pro Se* Complaint (ECF No. 2) filed by Plaintiff Jaquann Waugh.  Mr. Waugh asserts constitutional claims pursuant to 42 U.S.C. § 1983 against Philadelphia Police Officer Joseph Ryan, Detective Antonio Nieves, the Philadelphia District Attorney's Office, and the "Philadelphia 14th District," based on Waugh's arrest on April 24, 2025, and his subsequent detention and criminal prosecution.  Criminal charges are pending against Waugh in the Philadelphia County Court of Common Pleas in connection with this incident.  *See Commonwealth v. Waugh*, CP-51-CR-0003595-2025 (C.P. Philadelphia).  A criminal information was filed on June 5, 2025, and a continuance granted on June 24, 2025.  (*Id.*)  The Court understands Waugh's Complaint to raise claims for false arrest and malicious prosecution, for which he seeks money damages.  (*See* ECF No. 2 at 5-6.)

This Court has an obligation to abstain from considering certain types of cases pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971).  "To promote comity between the national and state governments," the *Younger* abstention doctrine "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint*

*Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013)).  When determining whether *Younger* abstention is proper, the Court first must examine the underlying state court litigation to determine whether it falls into one of three categories of cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function.  *See PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted).  Because Waugh's criminal prosecution is the underlying state court litigation here, the first stage of the analysis is met.

At the second stage, the Court must consider three factors articulated by the Supreme Court in *Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc.*, 475 U.S. 434, 432 (1982), whether: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the state proceeding.  *See Malhan*, 938 F.3d at 462-64.  Each of these factors is satisfied here.  First, there is an ongoing criminal prosecution in Philadelphia County.  Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws.  Third, Waugh has an opportunity to raise his constitutional challenges to the validity of the charges against him in the state proceedings.  *See Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 40-41 (3d Cir. 2017) (*Younger* applied where "[t]here are ongoing state criminal proceedings in the Superior Court of New Jersey that are judicial in nature, the state proceedings implicate the important state interest in prosecuting criminal behavior, and the state proceedings provide Jaffery an opportunity to raise federal constitutional defenses to prosecution"); *Lazaridis v. Wehmer*, 591 F.3d 666, 670-71 (3d Cir. 2010) (*per curiam*) (explaining that *Younger* requires only an opportunity to present federal claims in state court, and the burden rests with plaintiff to

show that state procedural law bars presentation of the claims). Further, Mr. Waugh has not plausibly alleged that his claims fall within any of the narrow exceptions to the *Younger* doctrine. *See Stagliano v. Coll*, No. 22-2691, 2023 WL 3943732, at *4 (3d Cir. June 12, 2023) (*per curiam*) (affirming application of *Younger* doctrine where plaintiff failed to plausibly plead that the state proceedings were being undertaken in bad faith or for purposes of harassment, or some other extraordinary circumstances existed).

Since the state criminal proceeding affords Waugh an opportunity to raise his constitutional challenges, and since the majority of the claims raised in the instant civil action appear to implicate rulings that will likely be made in the state proceeding, the Court will stay this case until that proceeding has resolved. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *see also Borowski v. Kean Univ.*, 68 F.4th 844, 855 (3d Cir. 2023) ("[D]ismissal of a damages claim on abstention grounds is no longer permissible.").

Additionally, to the extent that Mr. Waugh presents constitutional claims that are not likely to be at issue in his criminal case, a stay of this matter is nonetheless warranted due to the overlap between the facts underlying the civil case and the state criminal action, and the potential for self-incrimination by this *pro se* plaintiff. *See Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (in deciding whether to grant a stay of a civil case where there are pending criminal proceedings, courts generally consider a number of factors, including: (1) the degree of overlap between the civil and criminal action; (2) the stage of the criminal

proceedings; (3) the prejudice to the nonmoving party that would result from a stay; (4) the burden on the moving party of permitting concurrent litigation; (5) the interests of the court; and (6) the public interest); *Bryer v. Jefferson*, No. 12-1028, 2013 WL 3753420, at *1 n.1 (D. Del. July 8, 2013) (staying case because, *inter alia*, allowing plaintiff's concurrent civil case to go forward may force plaintiff to invoke his Fifth Amendment rights, potentially weakening his civil suit and exposing himself to discovery sanctions); *Richardson v. New Jersey*, No. 16-135, 2016 WL 5858983, at *2 (D.N.J. Oct. 5, 2016) (applying *Walsh Securities* factors to stay claims for damages).

    For the reasons set forth above, Plaintiff's Motion to proceed *in forma pauperis* will be granted and this proceeding will be stayed. An appropriate order follows.

                                                            /s/ Gerald Austin McHugh
                                                            United States District Judge